## Cincinnati Insurance Co.
## v.
## Schreck
*[Cite as 5 AOA 53]*

Case No. 14-89-1
Union County, (3rd)
Decided July 6, 1990

*Richard M. Huhn, Stephen P. Gast, Attorneys At Law, Grieser, Schafer, Blumenstiel & Slane, 261 West Johnstown Road, Columbus, Ohio 43230, for Appellant.*

*Gregory D. Rankin, Attorney At Law, Lane, Alton & Horst, 175 South Third Street, Columbus, Ohio 43215, for Appellee.*

KERNS, J.

This is an appeal from a declaratory judgment entered in the Court of Common Pleas of Union County.

On September 3, 1984, the defendant, James Schreck, was seriously injured while riding as a back-seat passenger in an automobile which collided head-on with a tractor trailer on Route 42 in Union County, Ohio. At the time of the collision, defendants, John and Carolyn Schreck, who are the parents of James Schreck, were insured by the plaintiff, The Cincinnati Insurance Company, under a policy which provided coverage for any person "related to you by blood, marriage, or adoption who is a resident of your household."

Since the Schrecks were related by blood, the pivotal issue in the case, as drawn by the pleadings and agreed to by stipulation of the parties, was whether James Schreck was a resident of the household of John and Carolyn Schreck at the time of the accident on September 3, 1984.

After discussing evidence which connected James Schreck with both the apartment of his girlfriend, Mary Christina Smith, and the home of his parents, John and Carolyn Schreck, the Common Pleas Court then commented, in the penultimate paragraph of its decision, as follows:

"As the issue in this dispute is a question of fact as to which address was the residence of James Schreck, and not a question of the interpretation of the wording of the policy, this court concludes James Kevin Schreck was, on September 3, 1984, not a resident of his parents' home at 2390 Lombard Road, and therefore, was not a covered insured by plaintiff on that date."

Unquestionably, the record discloses some competent and credible evidence to support the conclusion of the trial court that James Schreck was "a resident" at the apartment of his girlfriend at the time of the accident. However, the record also reveals competent and credible evidence to support a conclusion that he was likewise "a resident" of the household of his parents on September 3, 1984. Hence, the Common Pleas Court was necessarily faced with "a question of the interpretation of the wording of the policy." In other words, did the insurance contract contemplate dual residency or a single domicile? Noticeably, there is no requirement in the policy that the residence of the named insured be the sole and exclusive residence of the relative, and something more was involved, therefore, than "a question of fact as to which address was the residence of James Schreck." See, *Farmers Ins. v.*

*Taylor,* Franklin Co. App. No. 87AP-418, September 29, 1987.

Among other things, the evidence shows that Schreck was eighteen years of age at the time of the accident in 1984, and that he had stayed with his girlfriend, Tina, from time to time since his sophomore year in high school in 1981. However, he was also free to come and go at the home of his parents, and he kept some of his possessions in his room at home. At all times, he received some of his mail at the home of Mr. and Mrs. Schreck, and they gave him cash when he needed it. The Schrecks also gave James money for a car and car repairs, and in 1982, he gave his parents' home address as his residence on his application for a driver's license. At the emergency room of the hospital, Schreck gave his address as that of his parents, and he recuperated from his injuries at their home. After a period of recuperation, he again began to stay with his girlfriend, Tina, but he contributed nothing toward her rent, utilities, or groceries. Moreover, he did not, according to her testimony, have a key to her apartment.

In this action, it was not enough to determine "which" was Schreck's residence. More appropriately, it was also necessary to determine whether the policy provision covered dual residency, and having done that, to determine further, if necessary, whether the evidence was sufficient to show such dual residency. Hence, the alleged error is well made.

The judgment will be reversed and the cause remanded to the Common Pleas Court for further proceedings according to law.

*Judgment reversed and*
*cause remanded.*

EVANS, and MILLER, J.J., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.